UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: William M. Slater and Charlotte Y. Slater, <br><br> Debtor(s). | Bankruptcy No. 08 B 72714 <br> Chapter 13 <br> Judge Manuel Barbosa |

## MEMORANDUM OPINION

This matter comes before the Court on the amended objection to confirmation filed by the Chapter 13 trustee Lydia Meyer ("Trustee"), pursuant to 11 U.S.C. § 1325(b)(1), on February 20, 2009. For the reasons set forth herein, the Court overrules Trustee's amended objection to confirmation.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B).

## FACTS AND BACKGROUND

Debtors William M. Slater and Charlotte Y. Slater ("Debtors") filed a voluntary Chapter 13 bankruptcy petition on August 22, 2008. On the same date, Debtors filed the Chapter 13 Statement of Current Monthly and Disposable Income indicating a current monthly income (CMI) of $951.93. Debtor's amended Chapter 13 plan was filed on February 2, 2009, indicating $1177 available for monthly plan payments and proposing step payments of $1070 for 5 months and $2235 for an additional 55 months, totaling 60 months of payments. The amended plan would pay 100% of the unsecured creditors' claims.

The Trustee filed an amended objection to confirmation of plan on February 20, 2009. The amended objection stated the following: that the proposed plan failed to place all of Debtors'

projected disposable income into plan payments during the applicable commitment period; that B22C requires the Debtors to prove expenses listed as $600 on line 57 of their CMI; the proposed plan was insufficient because the actual monthly income minus the IRS allowances under the standard deductions required the amount paid towards the TSP loan listed on Debtors' Schedule I be included in plan payments after the loan was paid off, which would increase plan payments to $3295 at month 32; that lines 47a (primary residence) and 48a (primary residence) should be zero because the property listed was being surrendered; the plan was not filed in good faith because Debtors could pay off the plan in forty-two (42) months instead of fifty-six (56) months if they dedicated all of their disposable income to the plan.

Debtors filed a response to trustee's amended objection on February 27, 2009. In their response to Trustee's amended objection, Debtors indicated that the plain language of § 1325(b)(1) requires compliance with either subsection A or B, not both. Debtors argue that their plan complies with subsection A because unsecured creditors will be paid 100% when their plan is completed, and therefore they do not have to meet subsection B that requires that they commit all of their disposable income to the plan. Debtors indicate that if they comply with Trustee's request under § 1325(b)(1)(B) then they will be paying interest on payments to unsecured creditors and there is no requirement to do so under the Bankruptcy Code. Finally, Debtors contend that they are entitled to a deduction on lines 47A and 48A of their B22C even though they intend to surrender the property.

Trustee filed a reply to Debtors' response on March 6, 2009. Trustee's first argument is that § 1325(b)(1)(B) does require the Debtors to pay all projected disposable income into the plan. Trustee also argues that Debtors are not entitled to the deduction on line 47A and 47B of their B22C for surrendered property because, under §1325(b)(3), prospective, not historical expenses are to be used in calculating disposable income. Trustee removed the issue with Line

48A of the B22C regarding a secured claim for a vehicle.

## DISCUSSION

Section 1325(b) was substantially amended by BAPCPA in an attempt to create a bright line test to determine whether a debtor is committing all disposable income to fund the debtor's plan. In re Jones, 374 B.R. 469, 469 (Bankr. D. N.H. 2007) (citing 8 Collier on Bankruptcy ¶ 1325.08[1] (Alan N. Resnick & Henry J. Sommer eds., 15th rev. ed. 2007)).

Section 1325(b)(1) (emphasis added) provides:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan--
>
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

[11 U.S.C. § 1325(b)(1)(A), (B).]

Thus, the plain language of section 1325(b)(1) requires compliance with either subsection (A) or (B), but it does not require that the debtor meets both subsections. In re Jones, supra, 374 B.R. at 469.

"When the language is plain, the sole function of the courts is to enforce the statute according to its terms. In re Ross-Tousey, 549 F.3d 1148, 1157 (7th Cir. 2008) (citing Lamie v. United States Trustee, 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004)). Therefore, according to the plain language of § 1325(b)(1), when the debtor's plan provides for payment of all unsecured claims in full during the term of the plan, the Chapter 13 trustee's objection shall be overruled. In re Jones, supra, 374 B.R. at 469.

In the current case, Debtors' amended plan provides for payment of all unsecured claims

in full by the end of the plan period. Thus, according to the plain language of § 1325(b)(1), Debtors' plan complies with subsection A of § 1325(b)(1). See In re Jones, supra, 374 B.R. at 469 (citing 11 U.S.C. § 1325(b)(1)). Trustee's objection that Debtors must comply with both subsection A and B of § 1325(b)(1) is overruled.

Trustee has a second objection to confirmation of Debtors' plan based on Debtors' deductions on lines 47(a) and 47(b) of CMI for his primary residence. Trustee argues that because Debtors intend to surrender the property, they cannot include the mortgage payment as a deduction because the B22C is meant to be prospective and not historical.

Section 1325(b)(2) requires the debtors to subtract from the "current monthly income" the "amounts reasonably necessary to be expended for the maintenance or support of the debtor." 11 U.S.C. § 1325(b)(2). Congress defined "amounts reasonably necessary to be expended" under § 1325(b)(3), which states:

> Amounts reasonably necessary to be expended under paragraph (2), other than subparagraph (A)(ii) of paragraph (2), shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has current monthly income, when multiplied by 12, greater than--
> (A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;
> (B) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or
> (C) in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $575 per month for each individual in excess of 4.

[11 U.S.C. § 1325(b)(3).]

Thus, if a debtor has a current monthly income, when multiplied by 12, that is greater than the amounts stated in § 1325(b)(3)(A)-(C), the statute requires that "amounts reasonably necessary to be expended . . . shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)." 11 U.S.C. § 1325(b)(3).

With regard to secured debts, § 707(b)(2)(A)(iii) (emphasis added) states:

> (iii) The debtor's average monthly payments on account of secured debts shall be calculated as the sum of--
> (I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition; and
> (II) any additional payments to secured creditors necessary for the debtor, in filing a plan under chapter 13 of this title, to maintain possession of the debtor's <u>primary residence</u>, motor vehicle, or other property necessary for the support of the debtor and the debtor's dependents, that serves as collateral for secured debts; divided by 60.

[11 U.S.C. § 707(b)(2)(A)(iii)(I), (II).]

Some courts have previously indicated that debtors may deduct expenses for their <u>primary residence</u>, pursuant to 11 U.S.C. §§ 707(b)(2)(A)(iii), 1325(b)(3). See In re Kalata, No. 07-21710, 2008 WL 552856, at *6 (Bankr. E.D. Wis. Feb. 27, 2008); In re Edmondson, 371 B.R. 482, 485 (Bankr. D. N.M. 2007). Thus, the Edmondson court indicated that there appeared to be a fit within § 707(b)(2)(A)(iii)(II) to deduct for a mortgage payment on a primary residence. In re Edmondson, supra, 371 B.R. at 485; see also In re Sallee, No. 07-30776, 2007 WL 3407738, at *2 (Bankr. S.D. Ill. Nov. 15, 2007) (stating the same proposition as to either a primary residence or multiple vehicles).

Because Debtors' deduction on Lines 47A and 47B on their B22C are for their primary residence, as allowed by §707(b)(2)(A)(iii), the deductions will be allowed and Trustee's particular objection to these deductions will be overruled.

**CONCLUSION**

For the foregoing reasons, the Court overrules Trustee's objection to Debtors' amended Chapter 13 plan.

THEREFORE, IT IS ORDERED that the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: April 29, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge